UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DISTRICT

IN RE KENNETH M. MITAN,

         Debtor,

Civil Action No. 06-15005

FRANK J. MITAN,

Hon. Bernard A. Friedman

         Appellant,
v.

LEONARD DUVAL, et al.,

         Appellee.
_____/

## OPINION AND ORDER AFFIRMING BANKRUPTCY COURT'S OCTOBER 25, 2006 CONVERSION OF CASE FROM CHAPTER 11 TO CHAPTER 7 WITH RETROACTIVE EFFECT AS OF FEBRUARY 9, 2004

**I.    Introduction**

This matter is an appeal by Appellant Frank Mitan from the Bankruptcy Court's October 25, 2006 Order ("Order"), which converted this case from a Chapter 11 to a Chapter 7, with a retroactive effect of February 9, 2004.

**II.    Standard of Review**

While questions of law are reviewed de novo, a bankruptcy court's decision to dismiss or convert a case is reviewed for an abuse of discretion. "Under Bankruptcy Code § 112(b) the bankruptcy court is given wide discretion to convert a case to Chapter 7 for cause." In re Johnston, 149 B.R. 158, 160 (9th Cir. 1992). "A bankruptcy court's order for conversion of a case is reviewed for an abuse of discretion." Id. To find an abuse of discretion, the reviewing court "must be firmly convinced that a mistake has been made." Damron v. Commissioner of

Social Security, 104 F.3d 853, 855 (6th Cir. 1997).

**III.  Procedural History**

The background in this case has been briefed and written about exhaustively in numerous motions and court orders.  The following summary briefly repeats the case history

Appellant originally filed his Chapter 11 case in the U.S. Bankruptcy Court in the Central District of California.  The case was transferred to the U.S. Bankruptcy Court for the Eastern District of Michigan.  Following the transfer, on February 9, 2004, the Bankruptcy Court converted the case to a liquidation under Chapter 7.

On September 29, 2005, the Bankruptcy Court granted summary judgment in favor of Creditors Frandorson, Corr, Duval and Rode on their claims of nondischargeability.

On April 27, 2006, the Sixth Circuit reversed the Bankruptcy Court's decision to convert the case to Chapter 7 on the ground that notice had been insufficient ("Sixth Circuit Opinion").

On September 28, 2006, the Bankruptcy Court issued an Order to Show Cause Why This Case Should Not Be Converted to Chapter 7 Nunc Pro Tunc ("Show Cause Order").  On October 23, 2006, the Bankruptcy Court heard oral arguments regarding the Show Cause Order.  The Bankruptcy Court then issued a bench ruling, ordering the case to be converted to Chapter 7, with retroactive effect given to its decision as of February 9, 2004.

**IV.  Facts**

The facts of this case have been thoroughly recounted by the Bankruptcy Court and the Sixth Circuit, and the material facts for purposes of this motion are not in dispute.  Pursuant to Federal Rule of Bankruptcy Procedure 8013, a district court shall not set aside the bankruptcy court's "findings of fact, whether based on oral or documentary evidence, unless clearly erroneous."  The Court has reviewed the Bankruptcy Court's previous findings of fact for clear

error, and finding none, adopts them for purposes of this Opinion and Order.

## V. Analysis

Appellant makes three arguments in support of his motion. First, he argues that the Bankruptcy Court violated the mandate rule and the law of the case in ordering the conversion with retroactive effect. Second, he argues that a retroactive conversion is contrary to Federal Rule of Bankruptcy Procedure 2002(a). Third, Appellant argues that the conversion was in error, because dismissal of the case was in the best interest of the creditors and the estate.

Appellant's first argument regards the Sixth Circuit's reversal of the Bankruptcy Court's decision to reinstate and convert the case to a Chapter 7 proceeding. The Sixth Circuit's reversal of the Bankruptcy Court's decision to reinstate and convert the case to a Chapter 7 was based on its finding that notice of the underlying proceedings had been insufficient. The Sixth Circuit's decision did not address whether the Bankruptcy Court's decision was otherwise proper. Following the Sixth Circuit's opinion, the Bankruptcy Court issued the Show Cause Order. Oral arguments were held, and following such arguments, the Bankruptcy Court issued a bench ruling ordering the case to be converted to a Chapter 7, with retroactive effect given as of February 9, 2004.

Appellant argues that since the Mandate of the Sixth Circuit, issued on May 23, 2006, stated that "the mandate for this case hereby issues today," the Bankruptcy Court's conversion can not be upheld because the twenty-day prior notice requirement of Fed.R.Bankr.P. 2002(a) was not met when the initial conversion, which the Bankruptcy Court reversed, had been ordered. Appellant argues that by once again ordering the conversion, even after the Sixth Circuit had found that the initial conversion had been wrongfully ordered because of a lack of proper notice, the Bankruptcy Court disregarded the Sixth Circuit's contrary resolution of that

issue, thereby violating the law of the case.

Appellant is incorrect. The Sixth Circuit clearly stated its reasoning for its decision. In its Opinion, the Sixth Circuit stated, "Because the bankruptcy court erred in converting the case to a Chapter 7 liquidation without giving Frank Mitan notice, we reverse its decision. . ." Sixth Circuit Opinion, p. 2. The Sixth Circuit made it clear that its decision was based entirely on the alleged lack of notice to Frank Mitan. Here, the alleged notice deficiency has been corrected. The Bankruptcy Court gave all parties twenty-five days notice of the hearing in which the nunc pro tunc conversion was ordered. Accordingly, the Bankruptcy Court complied with both the requirements of Bankruptcy Rule 2002(a) and the mandate of the Sixth Circuit.

Appellant's second argument is that the Bankruptcy Court erred in converting the case from Chapter 11 to Chapter 7 with retroactive effect as of February 9, 2004. Appellant argues that such retroactive conversion is contrary to Federal Rule of Bankruptcy Procedure 2002(a), which requires notice of twenty days prior to conversion. He claims that a retroactive conversion is by definition inconsistent with that rule.

Appellees, however, correctly argue that Federal Bankruptcy Rule 9006(c) provides that a bankruptcy court may, in its discretion, reduce the amount of notice for conversion. However, such conversion may only be ordered in extraordinary circumstances.

Here, the Bankruptcy Court, using its discretion, found such extraordinary circumstances. First, the Bankruptcy Court noted that it had already found in 2004 that conversion from Chapter 11 to Chapter 7 was appropriate. The reasons for the reversal of the conversion related to the alleged lack of notice, not to the propriety of such conversion. In addition, the Bankruptcy Court noted that the record "overwhelmingly establishes that there is no basis to keep this case in Chapter 11, nor does any party contend seriously or otherwise that the case should remain in

Chapter 11." October 23, 2006 Bankruptcy Court transcript, p. 29.

The Bankruptcy Court next found that "the equities in this case overwhelmingly mandate such relief," and went on to discuss the factors leading it to such a conclusion. Id., p. 31. First, the Bankruptcy Court noted that the case was administered as a Chapter 7 case for more than two years since the Court first ordered the matter converted to a Chapter 7. The Bankruptcy Court, after listing much of the work done in such Chapter 7 administration, found that "it would be extraordinarily inequitable to hold all of that work now for naught which would be the effect of denying retroactive conversion at this time." Id. In addition, the Bankruptcy Court noted that Frank Mitan did not seek or obtain a stay of the Chapter 7 conversion, and that had he requested a stay, the case would not be in the predicament it is in today. Finally, the Bankruptcy Court stated that it

> places substantial weight on the answer given by Frank Mitan's attorney to the Court's question as to what his client's position would have been on the issue of conversion or dismissal had the question been posed to him at the original hearing if he had been given notice and if he had been there. The answer was, he would have taken the position that it would have been in the better interest of creditors to dismiss rather than convert because there were no assets. Again, the Court has no difficulty stating of record now two and a half years later that if Mr. Frank Mitan had taken that position at that time the Court most certainly would have overruled that and rejected that position simply because at the time the record clearly demonstrated a need for a trustee to investigate that very issue.

Id., p. 33.

The Bankruptcy Court clearly outlined the extraordinary circumstances under which it found Federal Bankruptcy Rule 9006(c) allowed for him, in his discretion, to reduce the amount of notice given for conversion to a Chapter 7 case.

Finally, Appellant argues that the Bankruptcy Court erred in converting the case from Chapter 11 to Chapter 7 because dismissal was in the best interest of the creditors and the estate. Appellant argues that where there are no assets, as is allegedly the case here, dismissal rather

than conversion to Chapter 7 is in the best interest of creditors and the estate.

The Bankruptcy Court specifically addressed this argument. First, it noted that a motion for dismissal was not before it. It further stated that, given Appellant's numerous appeals for alleged lack of notice of various proceedings, Appellant certainly could not expect that the Bankruptcy Court entertain its request for a dismissal without formal notice to the parties that it would be making such a request.

The Bankruptcy Court then specifically held that "[i]t's in the better interest of creditors now clearly to convert this matter rather than dismiss it *and that's even though there are little or no assets*." Id. (emphasis added). The Bankruptcy Court further explained,

> In addition, converting the case now rather than dismissing it gives the Court, the trustees, and the U.S. Trustee the opportunity to determine the appropriate administration of the assets that are on hand. It also gives creditors the opportunity to object to the trustee's proposed closing of the case on the grounds that there is perhaps more investigation of the debtor's assets that the trustee can do - - should do.

Id., p. 35.

The Court finds that this reasoning is correct. Dismissal would only serve to cost the parties more money re-litigating and re-administering in a subsequent bankruptcy proceeding the same issues that had already been addressed in the present case.

**VI.   Conclusion**

The Court finds that the Bankruptcy Court did not err in converting the Debtor's case from Chapter 11 to Chapter 7 nunc pro tunc.

Accordingly, the Bankruptcy Court's October 25, 2006 Order converting the case from Chapter 11 to Chapter 7 with retroactive effect as of February 9, 2004 is AFFIRMED.


Date:  June 4, 2007                                  _____s/Bernard A. Friedman_____
                                                     BERNARD A. FRIEDMAN
                                                     CHIEF UNITED STATES DISTRICT JUDGE